White, J.
It is not claimed that the acknowledgment can be supported on the ground that Hiltz, at the time it was taken and certified, was an officer defaoto. No such color of authority is shown in the record as is required to constitute such an officer. Exp. Strang, 21 Ohio St. 610, 617.
The deed of Smith and wife to Buxton of October, 1856, was inoperative as a conveyance for want of an acknowledgment as required by the statute. The supposed acknowledgment was invalid because not taken befoi’e a competent officer. The commission of Hiltz as a notary public had expired more than ten months before he assumed to take the acknowledgment. lie was not, therefore, an officer dejivre, nor, as before remarked, was he an officer de fasto.
The defect could doubtless have been relieved against, although the deed was intended to convey the estate of the wife, under ihe act of April 17, 1857, amending the,act to give' ad *74 ditional security to land titles. 1 S. & C. 694. But neither the vendor nor those under -whom he claimed took any steps to cure the defect; and he had no right to ask this burden to be cast upon his vendee.
The plaintiff in error relies on section 16 of the act of March 13, 1858, concerning notaries public. 1 S. & C. 872; 4 Cur-win, 3030.
That act repeals the act of April 2, 1852, under which Hiltz was appointed. Section 16 is as follows:
“Any act done by a notary public subsequently to the expi- ■ ration of his term of office shall be as valid as if done during his term of office.”
, Section 17 provides that, “ Any person appointed a notary public who shall do or perform any act as a notary public after the expiration of his term of office, knowing that his term of office has expired, shall be fined in any sum not exceeding five hundred dollars,” &c.
Section 15 declares that all notaries public now holding appointments shall be continued as if this act had not been passed.
The claim of the plaintiff is that section 16 has a retroactive operation, and validates acts which were invalid when done.
This claim is inadmissible. If section 16 has a retroactive operation, so also, it seems to us, does section 17r which makes the-act provided for in section 16 a penal offense, if done knowing the term of office to have expired.
It is laid down as a rule of construction that a statute should have a prospective operation only, unless its terms show clearly a legislative intention that it should operate retrospectively. Cooley’s Cons. Lim. 370; Broom’s L. Maxims, 35.
This rule is applicable to the statute now in question.

Judgment affirmed